IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01068-WDM-MEH

BRIAN MATTHEW CUTTER,

    Plaintiff,

v.

RAILAMERICA, INC,
PERMIAN BASIN RAILWAYS, INC., and
IOWA PACIFIC HOLDINGS, LLC

    Defendants.

## ORDER ON MOTION TO DISMISS

Miller, J.

This matter is before me on Defendants Permian Basin Railways, Inc. and Iowa Pacific Holdings, LLC's (collectively Defendants) Motion to Dismiss Counts IV and V of the Amended Complaint (Docket No. 24) for failure to state a claim upon which relief can be granted. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion shall be denied.

### Background

This case arises out of Plaintiff's employment with San Luis and Rio Grande Railroad (SLRG) from July 2003 to December 2005. During most of Plaintiff's employment SLRG was owned by RailAmerica, Inc. (RailAmerica). In December 2005 Permian Basin Railways, Inc. (Permian Basin), a wholly owned subsidiary of Iowa

Pacific Holdings, LLC (Iowa Pacific), purchased SLRG from RailAmerica. Allegedly, during the course of his employment Plaintiff was subjected to religious discrimination, retaliatory actions and termination, pretextual discipline, and a sexually hostile work environment. Based on these unlawful actions, Plaintiff filed a timely Equal Employment Opportunity Commission (EEOC) charge and received a right to sue letter. Thereafter, he filed this action on May 21, 2007. Plaintiff makes five claims for relief: (1) Title VII religious discrimination; (2) Title VII hostile work environment; (3) Title VII retaliation; (4) tortious discharge in violation of public policy or protected whistle-blowing activity (wrongful discharge); and (5) breach of contract or quasi-contract or promissory estoppel (promissory estoppel).

The circumstances leading to Plaintiff's claims span the entire length of his employment. First, Plaintiff alleges that he was subjected to religious discrimination and a hostile work environment. Apparently, the harassment and discrimination centered around his Mormon faith and was often sexual in nature. Plaintiff alleges that coworkers continually made sexually explicit comments to him about his intimate relationship with his fiancée because they are Mormon. Plaintiff complained of the harassment to his supervisors, but no action was taken to stop the behavior. He further alleges that he was retaliated against for complaining of the harassment and discrimination.

Plaintiff also alleges that during his employment he brought many equipment safety concerns to the attention of his supervisors. However, his concerns were ignored and he was instructed to operate unsafe machinery in violation of guidelines

prescribed by the Federal Railroad Administration and RailAmerica's internal policies. Plaintiff alleges that he was disciplined and terminated in retaliation for notifying RailAmerica of these safety violations. Plaintiff also alleges that further retaliation occurred when a coworker intentionally tampered with rail tracks that Plaintiff was going to travel over and, by doing so, placed Plaintiff and RailAmerica's equipment in danger.

Finally, Plaintiff alleges that he was terminated after he returned from his honeymoon based on his objections to the unsafe equipment and Title VII violations. He argues that this was done in violation of Title VII, public policy, and RailAmerica's employment handbook and rules. Plaintiff went on his honeymoon from December 9–23, 2005. When he reported for work on December 27, he was given a letter dated December 22, 2005 from Permian Basin terminating his employment. The letter stated that Permian Basin had purchased SLRG and would no longer require Plaintiff's services.

Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations

omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

## Discussion

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants move this Court to dismiss Plaintiff's claims against them for wrongful discharge[1] and promissory estoppel.[2] Defendants argue that Plaintiff was never employed by Permian Basin (and, therefore, Iowa Pacific) and, thus, Defendants cannot be held liable for Plaintiff's state law claims. Specifically, they argue that Plaintiff cannot state a claim for wrongful discharge

---

[1] Generally, in the absence of a contract to the contrary, "every employment is presumed to be an 'at-will' employment." *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 104–05 (Colo. 1992). At-will employment is terminable "by either party without cause and without notice" and does not give rise to a cause of action. *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 711 (Colo. 1987). However, "the terminability condition of an at-will employment contract . . . [is] unenforceable when violative of public policy." *Martin Marietta*, 823 P.2d at 109. An employee has a claim for wrongful discharge when "the discharge of the employee contravenes a clear mandate of public policy." *Id.* at 107. Therefore, to be liable for wrongful discharge there must be an employment relationship.

[2] "An employee originally hired under a contract terminable at will may be able to enforce the [provisions] in an employee manual under" either ordinary contract principles or promissory estoppel. *Keenan*, 731 P.2d at 711–12; *Kuta v. Joint Dist. No. 50(J)*, 799 P.2d 379, 382 (Colo. 1990); *Collins v. Colo. Mt. College*, 56 P.2d 1132, 1135 (Colo. Ct. App. 2002). Liability arises under the former if the plaintiff can prove that the employee manual was part of the bargain for employment made between the employer and employee. *Id.* at 711. Liability under a promissory estoppel theory requires that (1) the employer should have "expected the employee to consider the employee manual as a commitment from the employer;" (2) the employee reasonably relied on the employee manual to his detriment; and (3) "injustice can be avoided only by enforcement." *Id.* at 712. Therefore, to be liable under either theory, there must be an employment relationship.

because the decision to terminate Plaintiff could not have contravened a clear mandate of public policy as the decision was not based on any action by Plaintiff during employment. Defendants also argue that Plaintiff cannot state a claim for promissory estoppel because he cannot show that he relied to his detriment on an implied promise by Permian Basin as there was never an employment relationship within which a promise could be made.

Defendants contend that Plaintiff was terminated on the same day that they acquired ownership of SLRG. They argue that the Complaint establishes the date ownership transferred because (1) it references Plaintiff's employment with RailAmerica and not Permian Basin and (2) it references the December 22, 2005 termination letter, which allegedly states the date of transfer. Plaintiff's responds that the date of transfer is not established in the Complaint because there are allegations of an employment relationship with Permian Basin and the letter is not incorporated into the Complaint and may not, therefore, be considered by this Court. Defendants reply that the termination letter can be considered because it was referenced in the Complaint.

Generally, when documents not attached to the complaint are considered in a motion to dismiss, the motion to dismiss is converted to a motion for summary judgment. *GFF Corp. V. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("A 12(b)(6) motion must be converted to a motion for summary judgment if 'matters outside the pleading are presented to and not excluded by the court.'"). However, when the complaint refers to a document and the document is "central to the plaintiff's claim, a defendant may submit a indisputably authentic copy to the court to be

considered on a motion to dismiss." *Id.* In this case, Defendants argue that the termination letter can be considered in this motion to dismiss because Plaintiff references the letter in his complaint and the letter terminated Plaintiff's employment with SLRG. However, I will not consider the letter because Defendants did not provide an authentic copy of the letter with either of their briefs.

Therefore, in the absence of the letter establishing that the date of transfer of ownership coincided with the date of Plaintiff's termination, I conclude that the determination of this date is an issue of fact more properly resolved in a motion for summary judgment or a trial on the merits. I also note that the Complaint alleges Plaintiff was not terminated until December 27, 2005—five days after the date Defendants allege the transfer occurred. Accordingly, a factual dispute exists whether Plaintiff was employed by Defendants for at least some period of time. Finally, the Complaint, although not precise, makes allegations that Iowa Pacific "sanctioned," "approved, condoned, and ratified" the unlawful activities of RailAmerica. (Compl. ¶¶ 68, 73.) I must construe reasonable allegations in the light most favorable to the plaintiff. *Colo. Supreme Court*, 847 F.3d at 1164. Plaintiff's allegations could be reasonably construed to claim ratification or assumption of responsibilities for the policies or practices of the predecessor. Therefore, I conclude that the complaint may provide a basis for relief that goes beyond the speculative level. *Bell Atlantic,* 127 S.Ct. at 1974.

Accordingly, it is ordered:

1. Defendants' Motion to Dismiss Counts IV and V of the Amended Complaint

(Docket No. 24) is denied.

2. Plaintiff's request for sanctions, based on an inapplicable state statute rather than Fed. R. Civ. P. 11 and made in violation of D.C.COLO.LCivR 7.1(c), is denied.

DATED at Denver, Colorado, on January 15, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge